| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

_____Southern District of Texas_____
(State)

Case number (*If known*): _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **AppHarvest Foundation, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | None |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**500   Appalachian Way**<br>Number   Street<br><br>**Morehead     KY   40507**<br>City       State   ZIP Code<br><br>**Rowan**<br>County | **Mailing address, if different from principal place of business**<br><br>Number   Street<br><br>P.O. Box<br><br>City       State   ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number   Street<br><br>City       State   ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.appharvest.com |

| Debtor | AppHarvest Foundation, LLC | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

8 1 3 2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☑ A plan is being filed with this petition.

    ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor **AppHarvest Foundation, LLC**  
Name

Case number *(if known)* _____

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ✓ No<br>☐ Yes.  District _____ When __/__/____  Case number _____<br>         District _____ When __/__/____  Case number _____ |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>✓ Yes.  Debtor  See Schedule 1    Relationship  Affiliate<br>       District  Southern District of Texas    When  07/23/2023<br>       Case number, if known _____ |
| 11. | **Why is the case filed in *this district*?** | Check all that apply:<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>✓ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ✓ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>   Number    Street<br>   _____<br>   City                      State  ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

**Statistical and administrative information**

| Debtor | **AppHarvest Foundation, LLC** | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| 14. | **Estimated number of creditors** | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets** | ☑ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☑ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  0 7 / 2 3 / 2 0 2 3
                      MM  / DD  /YYYY

    ✗ /s/ Gary Broadbent                 **Gary Broadbent**
    Signature of authorized representative of debtor      Printed name

    Title **Chief Restructuring Officer**

Debtor **AppHarvest Foundation, LLC**
Name

Case number *(if known)*_____

**18. Signature of attorney** ✘ /s/ Matthew D. Cavenaugh  Date **07/23/2023**
Signature of attorney for debtor   MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number     Street

**Houston**                              **Texas**       **77010**
City                                     State        ZIP Code

**(713) 752-4200**                       **mcavenaugh@jw.com**
Contact phone                            Email address

**24062656**                             **Texas**
Bar number                               State

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page **5**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern District of Texas_____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Schedule 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of AppHarvest Products, LLC.

AppHarvest, Inc.
AppHarvest Operations, Inc.
AppHarvest Farms, LLC
AppHarvest Morehead Farm, LLC
AppHarvest Richmond Farm, LLC
AppHarvest Berea Farm, LLC
AppHarvest Pulaski Farm, LLC
AppHarvest Development, LLC
AppHarvest Technology, Inc.
AppHarvest Products, LLC
AppHarvest Foundation, LLC
Rowan County Development, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: <br><br> APPHARVEST FOUNDATION, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-_____ (___) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| AppHarvest Operations, LLC | 401 W. Main Street, Suite 321 Lexington, KY  40507 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: <br><br> APPHARVEST FOUNDATION, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| AppHarvest Operations, LLC | 100% |

| Fill in this information to identify the case: |
|---|
| Debtor name  **AppHarvest Foundation, LLC** |
| United States Bankruptcy Court for the:  **Southern District of Texas** |
| Case number (If known): _____ |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Dalsem Greenhouse Technology BV  Woudseweg 9  2635 CE Den Hoorn, Netherlands | Marcel Fransen  mfransen@dalsem.nl | Trade Payable | Disputed | | | $14,844,877.34 |
| 2 | Walker Construction & Materials, LLC  200 Apperson Heights, Suite 100  Mount Sterling, KY 40353 | Melissa Martin  859-499-2400  mmartin@walkerconstruction.com | Trade Payable | N/A | | | $1,145,340.06 |
| 3 | C&G AG LLC  350 W Venice Ave, Unit 1170  Venice, FL 34285 | Nineth Rosales  941-803-0335  nineth@cgagriculture.com | Trade Payable | N/A | | | $931,950.88 |
| 4 | Metrotek Electrical Services Company  2200 Northwood Avenue, Suite 2  Easton, PA 18045 | Teresa Sousa  610-365-2390 (430)  tsousa@metroelectrical.com | Trade Payable | N/A | | | $633,097.10 |
| 5 | Nixon Power Services  155 Franklin Rd  Brentwood ,TN 37027 | Kimberly Ruehl  615-309-5851  credit@nixonpower.com | Trade Payable | N/A | | | $532,250.00 |
| 6 | Plant Products  8468 Ronda Drive, 3rd Floor  Canton, MI 48187 | Sarah Lee  248-661-4378  michigan.orders@plantproducts.com | Trade Payable | N/A | | | $452,395.53 |
| 7 | Ontario Plants Propagation Ltd.  38024 John Wise Line  St. Thomas, N5P 3T2 | Rudi Ambacher  519-637-2119  accounting@ontarioplants.com | Trade Payable | N/A | | | $446,838.85 |
| 8 | Roelands Plant Farms  5894 Douglas Line  Lambton Shores, ON N0N1J5 | Sarah Miner  519-312-6919  sarahm@roelandsplant.ca | Trade Payable | N/A | | | $404,297.52 |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured    page 1

Debtor  **AppHarvest Foundation, LLC**
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Bayer Crop Science<br>130-160 Quarry Park Blvd SE<br>Calgary T2C 3G3 | 402-723-7400<br>askus@bayercropscience.ca | Trade Payable | N/A | | | $398,047.42 |
| 10 | Oro Valley AG Services LLC<br>2944 W Torres Lane<br>Bonita, AZ 85643 | Sergio Rodarte<br>520-729-8295<br>sergio.rodarte@orovalleyag.com | Trade Payable | N/A | | | $370,732.00 |
| 11 | Industrial Field Maintenance LLC<br>3331 Elizaville Rd<br>Ewing, KY 41039 | Danielle Hunt<br>866-937-3115<br>dhuntifm@outlook.com;<br>jclingerifm@outlook.com | Trade Payable | N/A | | | $366,954.50 |
| 12 | Clayco, Inc.<br>2199 Innerbelt Business Center Drive<br>Saint Louis, MO 63114 | Rebecca Setzer-Smith<br>314-592-5603<br>setzersmithr@claycorp.com | Trade Payable | N/A | | | $321,506.90 |
| 13 | Stonhard<br>7 Esterbrook Lane<br>Cherry Hill, NJ 08003 | Ma Schaffer<br>856-779-7500<br>ma.schaffer@stonhard.com | Trade Payable | N/A | | | $310,000.00 |
| 14 | Pratt (Jet Corr), Inc.<br>3155 State Road 49, PO Box 5002<br>Valparaiso, IN 46383 | Teenia Gast<br>219-307-4466<br>tgast@prattindustries.com | Trade Payable | N/A | | | $286,936.73 |
| 15 | Ilapak Inc<br>105 Pheasant Run<br>George School, PA 18940 | Michele Tantala<br>215-579-2900<br>michele.tantala@ima.it | Trade Payable | N/A | | | $271,229.40 |
| 16 | Koppert<br>1502 N. Old US-23<br>Howell, MI 48843 | 810-632-8750<br>dmackenzie@koppert.com | Trade Payable | N/A | | | $196,374.94 |
| 17 | Royal Brinkman International<br>P.O. Box 2, 2690 AA<br>Wouterswen, Netherlands | Tim van Steekelenberg<br>+31174446243<br>tim.steekelenburg@royalbrinkman.com | Trade Payable | N/A | | | $191,294.64 |
| 18 | Davis & Plomin Mechanical<br>PO Box 55350, Suite 1400<br>Lexington, KY 40555 | Sam Plomin<br>859-253-3792<br>samplomin@davisandplomin.com | Trade Payable | N/A | | | $187,495.00 |
| 19 | Bas van Buuren BV<br>Coldenhovelaan 10,<br>De Lier, Netherlands 2678 PS | Jaap van Waardenburg<br>jvanwaardenburg@bvb-substrates.nl | Trade Payable | N/A | | | $172,959.38 |
| 20 | Landsberg Orora<br>1900 West University Drive; 374 Mills Branch Rd<br>Tempe, AZ 85281 | Virginia Salinas<br>480-333-6724<br>bankdeposits@ororagroup.com | Trade Payable | N/A | | | $168,470.48 |

Debtor  **AppHarvest Foundation, LLC**
                Name

Case number (*if known*)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Belmark Inc  600 Heritage Rd  De Pere, WI 54115 | Tami Taylor  920-336-2848  tamit@belmark.com | Trade Payable | N/A | | | $157,811.63 |
| 22 | Rijk Zwaan  701 La Guardia Street  Alisal, CA 93905 | Harry Burman  831-455-3000  h.burman@rijkzwaan.com | Trade Payable | N/A | | | $149,460.96 |
| 23 | Belt Power, LLC  2197 Canton Rd Ste 208  Marietta, GA 30066 | Tina Macon  704-927-7776  remitto@beltpower.com;  lleicht@beltpower.com;  sales.midwest@beltpower.com | Trade Payable | N/A | | | $144,764.12 |
| 24 | UniFirst Corporation  715 Miles Point Way  Lexington, KY 40510 | Karen Evans  859-294-0141  karen_evans@unifirst.com | Trade Payable | N/A | | | $139,736.69 |
| 25 | Growers First Inc  2339 Queen Street East  Toronto, Canada M4E 1G7 | Lisa Shuttleworth  416-727-4513  lisa@accoladeinc.ca | Trade Payable | N/A | | | $138,773.67 |
| 26 | Broadridge ICS  PO BOX 416423  Boston MA, 02241 | Krista Lambert  631-254-4499  Krista.Lambert@broadridge.com | Trade Payable | N/A | | | $136,167.17 |
| 27 | Hortica Florist Mutual  PO Box 8017  Stevens Point, WI 54482 | Karen Shaw  800-851-7740  karen.shaw@hortica.com | Trade Payable | N/A | | | $117,254.73 |
| 28 | Lencioni Farm Services  588 E Lerdo Hwy  Bakersfield, CA 93263 | Yolanda Lencioni  661-348-0444  lencionifarmservices@gmail.com | Trade Payable | N/A | | | $107,259.63 |
| 29 | QSI, LLC  412 Georgia Avenue, Suite 300  Chattanooga, TN 37403 | Krista Mitchell  423-702-3257  AR@VincitGroup.com | Trade Payable | N/A | | | $104,328.38 |
| 30 | Progressive Property Solutions, LLC dba GuardLogic  710 E Main St  Lexington KY 40502 | Marcus Sell  859-229-2579  info@guardlogic.com | Trade Payable | N/A | | | $101,991.75 |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims    page 3

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **AppHarvest Foundation, LLC** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document(s) that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/23/2023**         *Gary Broadbent*  al signing on behalf of debtor
             MM/ DD/YYYY              **Gary Broadbent**
                                      Printed name

                                      **Chief Restructuring Officer**
                                      Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS RESOLUTIONS OF THE BOARDS OF DIRECTORS
OF APPHARVEST, INC. AND CERTAIN OF ITS SUBSIDIARIES**

**July 23, 2023**

**WHEREAS**, each of the entities listed on **Exhibit A** hereof (collectively, the "Company") is a Delaware corporation or a Delaware limited liability company (each such limited liability company, the "Company LLCs"), as applicable;

**WHEREAS**, pursuant to the Delaware General Corporation Law ("DGCL"), the Delaware Limited Liability Company Act ("LLCA"), and each of the Company's Amended and Restated Bylaws (the "Bylaws") or Limited Liability Company Agreements (the "LLC Agreements", and together with the Bylaws, the "Operating Documents"), as applicable, the Company's boards of directors and/or members, as applicable (each, a "Board" and collectively, the "Boards"), are authorized to consent to, adopt and approve the following resolutions and each and every action effected thereby;

**WHEREAS**, the Boards have considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Boards have reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Company desires to negotiate, execute, deliver, and perform under a debtor-in-possession financing facility by and among the Company, on one hand, and CEFF II AppHarvest Holdings, LLC ("Equilibrium"), on the other hand, (the "DIP Facility") and enter into all agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility (the "DIP Facility Documents") to consummate the transaction and one or more borrowings contemplated thereby (the "DIP Loans"); and

**WHEREAS**, the Boards have determined, in the judgment of the Boards, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

1. **DIP Facility**

**NOW, THEREFORE, BE IT RESOLVED** that the Company be, and hereby is, authorized, directed, and empowered to enter into the DIP Facility Documents, on terms and conditions substantially similar to those set forth in the form of DIP Facility Documents previously provided and/or described to the Board, and to perform all of its obligations thereunder, including the incurrence of the indebtedness thereunder, borrowing and repaying DIP Loans, the guaranty

by the Company of the obligations thereunder and the grant of security interests in and liens upon certain assets of the Company now or hereafter owned as contemplated by DIP Facility Documents in favor of Equilibrium;

**RESOLVED FURTHER**, that (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the Authorized Persons (as defined below), any of whom may act without any of the others, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to enter into, execute, deliver and perform under, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any Authorized Persons in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

**RESOLVED FURTHER**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Persons be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to take or cause to be taken all such further action including, without limitation, to arrange for, enter into or grant amendments and modifications to and waivers of the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, assignments, notices, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such Authorized Persons to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of the Company, and to pay all such indemnities, fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby; and

**FURTHER RESOLVED**, that all actions taken by any of the Authorized Persons of the Company prior to the date of this consent, which are within the authority conferred hereby are hereby in all respects authorized, ratified, confirmed and approved.

2. **Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**FURTHER RESOLVED**, that the members of the Boards have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances, and, as applicable, with consideration to the Company's public benefit purpose;

**FURTHER RESOLVED**, that in the judgment of the Boards, it is desirable and in the best interests of the Company, their interest holders, subsidiaries, creditors, and other parties

in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

3.  **Entry Into Restructuring Support Agreement**

**FURTHER RESOLVED**, that in connection with the Bankruptcy Petitions, it is in the best interest of the Company to enter into a Restructuring Support Agreement (the "Restructuring Support Agreement") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided and/or described to the Board;

**FURTHER RESOLVED**, that (a) the forms, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any Authorized Person of the Company executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof;

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the form previously presented to each Board, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions

of the Restructuring Support Agreement, and/or any of the related documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable.

4.  **Retention of Professionals**

**FURTHER RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) Jackson Walker LLP, as local bankruptcy counsel; (iii) the financial advisory firm of Triple P RTS, LLC; (iv) the investment banking firm of Jefferies LLC; (v) Stretto, Inc., as noticing and claims agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

5.  **Further Actions and Prior Acts**

**FURTHER RESOLVED**, that the applicable Boards of the sole members (the "Members") of each of the Company LLCs hereby approve and agree on behalf of each of such Members to amend the applicable LLC Agreements with respect to each Company LLC by adding a new section 19(c) to each such LLC Agreement, which shall state as follows:

> "The bankruptcy of any Member will not cause such Member to cease to be a member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution."

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters;

**FURTHER RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**, that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards.

**Exhibit A**

AppHarvest, Inc.
AppHarvest Operations, Inc.
AppHarvest Farms, LLC
AppHarvest Morehead Farm, LLC
AppHarvest Richmond Farm, LLC
AppHarvest Berea Farm, LLC
AppHarvest Pulaski Farm, LLC
AppHarvest Development, LLC
AppHarvest Technology, Inc.
AppHarvest Products, LLC
AppHarvest Foundation, LLC
Rowan County Development, LLC